**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LARRY BARR; ANTHONY BARTON; STEPHEN BUSCH; BRIAN CARLSON; PETER DENNIS; DAN DORR; CLARK GOBLE; WARREN MARTIN; BILLY PIERCE; JESSE ROBINSON; DAVID SHATTO; DOUG TOELKES, | No.   18-35688<br><br>D.C. No. 3:17-cv-01225-MO |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| ROSS ISLAND SAND & GRAVEL COMPANY, an Oregon corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Argued and Submitted November 4, 2019
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and KOBAYASHI,[**] District
Judge.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The Hon. Leslie E. Kobayashi, District Judge, District of Hawaii
sitting by designation.

Plaintiffs appeal the district court's decision granting Defendant's motion for judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, we affirm. *See Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017).

Plaintiffs' First Claim for Relief (Violation of Or. Rev. Stat. § 652.610(3)), Second Claim for Relief (Breach of Fiduciary Duty) and Third Claim for Relief (Conversion) are expressly preempted by section 514(a) of the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1144(a) (providing that ERISA preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan").

Plaintiffs' claim for intentional interference with economic relations is also preempted by Section 301 of the Labor Management Relations Act. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) ("[T]he preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.") (citation and internal quotation marks omitted).

Because Plaintiffs' statutory claims are preempted by ERISA § 514, we need not decide whether they provide for a private cause of action.

**AFFIRMED.**